Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 1141 - 1 | **DATE** | 6/30/2003 |
| **CASE TITLE** | | USA vs. 'Ploss | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on ____ set for _____ at ____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for ____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at ____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order denying defendant's motion for a new trial on counts eight through twelve of the indictment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices: 2 |
| ✓ | Notices mailed by judge's staff. | JUL 01 2003 |
| | Notified counsel by telephone. | date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 6/30/2003 |
| MPJ | courtroom deputy's initials | date mailed notice |
| | | MPJ |
| | | mailing deputy initials |

Document Number

92

U.S. DISTRICT COURT

03 JUN 30 PM 5: 36

Date/time received in central Clerk's Office   FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
      v.                        )
                                )    No.   01 CR 1141-01
THOMAS H. PLOSS,                )
                                )
            Defendant.          )                    **DOCKETED**
                                )                    JUL 0 1 2003
                                )

### MEMORANDUM OPINION AND ORDER

The United States indicted Thomas Ploss on seven counts of mail fraud in violation of 18 U.S.C. §§ 1341, 1346; five counts of disclosing Social Security information in violation of 42 U.S.C. § 1306; and three counts of theft of government records in violation of 18 U.S.C. § 641. A jury found Mr. Ploss not guilty of the mail fraud counts, and guilty of the others. Mr. Ploss now moves for a new trial on the five counts of unlawful disclosure of Social Security information, claiming that an improper instruction regarding *mens rea* was given, that it was error to omit a lesser included offense instruction, and that he was prejudiced by spillover of evidence relating to the mail fraud counts. I deny the motion.

### I.   *Mens Rea*

42 U.S.C. § 1306 contains no express *mens rea* requirement. Consistent with the Supreme Court's decision in *Staples v. United States*, 511 U.S. 600, 605-06 (1994) noting that some indication of

Congressional intent beyond silence is required to dispense with a *mens rea* requirement, the jury was instructed that in order to sustain the charge of unlawful disclosure of Social Security records, the government must prove that Mr. Ploss "knew" that the disclosures were not authorized by law or regulations. Mr. Ploss argues that it was error to use "knowledge" instead of "willfulness" in the instructions.

Mr. Ploss' contention that it was error not to include "willfulness" in the instructions is wrong for two reasons. First, when discussing the *mens rea* element that is presumptively incorporated into all federal criminal statutes, the Court in *Staples* described it simply as "requir[ing] that the defendant know the facts that make his conduct illegal." *Id.* at 605. Second, the Seventh Circuit has recognized that the term "willful" has (at least)[1] two meanings: "an ordinary, everyday meaning [and] a legalistic meaning that incorporates the notion of specific intent." *United States v. Sherwood*, 770 F.2d 650, 654 (7th Cir. 1985). When a criminal statute does not contain the term "willful" but the word is included in the instruction, it takes on only its ordinary everyday meaning, and not the legalistic meaning. *See United States v. Valencia*, 907 F.2d 671, 682-83 (7th Cir. 1990) (finding no error in trial court's failure to define "willfully" to

---

[1] *See Spies v. United States*, 317 U.S. 492, 497 (1943) ("willful, as we have said, is a word of many meanings, its construction often being influenced by its context."), *cited in United States v. Valencia*, 907 F.2d 671, 682 n.13 (7th Cir. 1990).

jury where instructions, but not the statute defining the offense, invoked the term).[2]  This ordinary everyday meaning simply means that "the person charged ... knows what he is doing."  *Sherwood,* 770 F.2d 650 (noting that this interpretation of "willfully" in the bail jumping statute gives the term its ordinary everyday meaning). Thus, where, as here, the term "willful" is not used in the statute defining the offense, there is no difference between an instruction requiring knowledge and an instruction requiring willfulness.

## II.  Lesser Included Offense

Mr. Ploss next argues that it was error not to provide a lesser included offense instruction.  Under Fed. R. Crim. P. 31(c)(1), a defendant may be found guilty of "an offense necessarily included in the offense charged."  The Supreme Court has adopted the so-called "elements test," which states that

> one offense is not "necessarily included" in another unless the elements of the lesser offense are a subset of the elements of the charged offense.  Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c).

*Schmuck v. United States,* 489 U.S. 705, 716 (1989).  Mr. Ploss argues that 5 U.S.C. § 552a(i)(1) is an included offense of 42 U.S.C. § 1306.  Section 552(a)(i)(1) states:

---

[2]  Indeed, the Committee on Federal Criminal Jury Instructions for the Seventh Circuit expressly recommends that an instruction defining the term "willfully" *not* be given unless the term is contained in the statute defining the offense.  Federal Criminal Jury Instructions of the Seventh Circuit § 4.09.  The Committee discourages use of the term at all when not required by statute. "Like the drafters of the Model Penal Code, the Committee was concerned with the confusion resulting from the use of the loose concept of 'willfullness' to define criminal culpability."  *Id.*

*Any officer or employee of an agency*, who by virtue of his employment or official position, has possession of, or access to, agency records which contain individually identifiable information the disclosure of which is prohibited by this section or by rules or regulations established thereunder, and who knowing that disclosure of the specific material is so prohibited, willfully discloses the material in any manner to any person or agency not entitled to receive it, shall be guilty of a misdemeanor.

(emphasis added). Section 1306(a)(1), on the other hand, states:

No disclosure ... of any file, record, report, or other paper, or any information, obtained at any time by the head of the applicable agency or by any officer or employee of the applicable agency in the course of discharging the duties of the head of the applicable agency under this chapter, and no disclosure of any such file, record, report, or other paper, or information, obtained at any time *by any person* from the head of the applicable agency or from any officer or employee of the applicable agency shall be made except as the head of the applicable agency may by regulations prescribe and except as otherwise provided by Federal law. *Any person* who shall violate any provision of this section shall be deemed guilty of a felony.

(emphasis added). One element of a section 552a(i)(1) violation is that the defendant was an "officer or employee of an agency," while section 1306 applies to "any person." Thus, section 552a(i)(1) requires an element not required under section 1306 (that defendant is an officer or employee of an agency) and is therefore not "necessarily included" in section 1306. It is irrelevant under the elements test that Mr. Ploss did in fact satisfy the extra element of section 552a(i)(1). *See Schmuck*, 489 U.S. at 716-17 ("comparison [between an offense and a potentially included offense] is appropriately conducted by reference to the statutory elements of the offenses in question, and not ... by reference to conduct proved at trial regardless of the statutory definitions."). The refusal to give an included offense instruction was proper.

4

### III. Spillover Evidence

Finally, Mr. Ploss argues that he was prejudiced by "spillover" from the mail fraud counts. This argument is quickly disposed of by citation to *United States v. Holzer*, 840 F.2d 1343 (7th Cir. 1988).

> When, as is often the case (it was here), the jury acquits a defendant of some counts of a multi-count indictment, the defendant is not entitled to a new trial on the counts of which he was convicted, on the theory that the conviction was tainted by evidence, which the jury heard, relating to the counts on which it acquitted. It is not like a case where evidence of other crimes is admitted in violation of Fed. R. Evid. 404 and the question is whether the error is harmless. No rule of evidence is violated by the admission of evidence concerning a crime of which the defendant is acquitted, provided the crime was properly joined to the crime for which he was convicted and the crimes did not have to be severed for purposes of trial.... As explained in [*United States v. DiCaro*, 772 F.2d 1314 (7th Cir. 1985)], the time to decide whether it is fair to subject a defendant to a single trial for a variety of crimes, given the risk that evidence introduced to support some of these crimes may infect the jury's consideration of the others, is before trial, when the defendant can complain of misjoinder under Fed. R. Crim. P. 8(a) or move for a severance under Rule 14. There is no doctrine of retroactive misjoinder, with possible exceptions that are inapplicable to this case.

*Id.* at 1349-50 (internal citations omitted). For the reasons explained in *Holzer*, Mr. Ploss is not entitled to a new trial on the unlawful disclosure counts based on alleged spillover of evidence relating to the mail fraud counts.

### IV. Conclusion

Defendant's motion for a new trial on counts eight through twelve is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

_____

**Elaine E. Bucklo**
United States District Judge

Dated:     June 30, 2003

5